UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENEL JOSEPH,

    Plaintiff,

v.                                   Case No.:  2:23-cv-578-SPC-NPM

K. WILLIAMS, et al.,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Kenel Joseph's Complaint for Violation of Civil Rights (Doc. 1). Joseph is a prisoner of the Florida Department of Corrections. United States Magistrate Judge Nicholas Mizell granted Joseph leave to proceed *in forma pauperis*, so the Court must review the complaint to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court

can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Joseph is representing himself in this action. Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find a claim. *See Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Joseph sues 33 officials at Charlotte Correctional Institution and Moore Haven Correctional Facility, but he fails to state a plausible claim against any of them. On pages 12-17, Joseph makes a vague and conclusory allegation against each defendant. For example, "Defendant No. 1 illegally approved CMI segregation and maintained said status even after review while in confinement." (Doc. 1 at 12). Joseph makes additional factual allegations on pages 19-20 and in an "Affidavit" attached to his complaint, but not against any defendants. For example, he alleges, "I was disciplined for violations I did

2

not commit." (*Id.* at 20). Even taken together and read liberally, Joseph's allegations do not satisfy federal pleading requirements.

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). The rules also require plaintiffs to set out their claims in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. Pro. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit Court of Appeals has identified four types:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

3

*Id.* at 1321-23. The main problem with shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. But shotgun pleadings are not just unfair to defendants. Resolving claims asserted in shotgun pleadings is "an undue tax on the Court's resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). "Tolerating such behavior constitutes toleration of obstruction of justice." *Id.*

Joseph's complaint falls under the second, third, and fourth categories of shotgun pleadings. It does not give the defendants fair notice of the claims against them, and the defendants cannot be expected to answer Joseph's vague and conclusory allegations. To continue prosecution of this case, Joseph must file an amended complaint that complies with federal pleading standards. The amended complaint must include clear and specific allegations against specific defendants.

Joseph's complaint is also far too broad. The Court gave Joseph this warning in Case No. 2:23-cv-255-SPC-NPM. But since Joseph has made the same error here, the Court will repeat it. Multiple claims cannot be joined together in a single action if they did not arise out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2). "A plaintiff may set forth only related claims in one civil rights complaint." *Rosado v. Nichols*, 2:18-CV-195-JES-MRM, 2017 WL 1476255, at *6 (M.D. Fla. 2017). As the Seventh Circuit

4

observed, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits[.]" *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). If Joseph wants to pursue multiple unrelated claims, he must file them in separate complaints.

Accordingly, it is now

**ORDERED:**

Plaintiff Kenel Joseph's Complaint for Violation of Civil Rights (Doc. 1) is **DISMISSED without prejudice**. Joseph may file an amended complaint within **21 days**. **Otherwise, the Court will enter judgment and close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on August 22, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

5